JAMES & WILLIAM VANCE V. HENRIETTA DOEBBLER.

(No. 312.)

HOMESTEAD defined.

APPEAL from Bexar county. Opinion by WATTS, J.

STATEMENT.— On the 27th of February, 1855, F. W. Doebbler made an affidavit before the then chief justice of Gillespie county, under the pre-emption law of February 13, 1854, stating that he was on that day a resident of this state, and that he had settled on Grape Creek, in said county, in good faith, on a piece of land which he believed to be vacant and unappropriated, and "that he makes this declaration for the purpose of securing the land to which he is entitled by an act donating to actual settlers on vacant public domain one hundred and sixty acres of land."

On the 15th of December, 1858, the said F. W. Doebbler, together with two other citizens of Gillespie county, made oath before the same authority to the effect that said Doebbler "has resided upon and cultivated the tract of land surveyed for him as pre-emption claim" "for the space of three consecutive years," and that "he is a *bona fide* settler upon vacant land," etc.

A certificate under the last affidavit was filed in the general land office on December 22, 1858, and a patent was issued to said Doebbler, dated June 26, 1860.

Before the making of the first of the above affidavits, Doebbler was the owner of a town lot in the town of Fredericksburg, upon which he lived with his family.

On the 12th of April, 1856, said Doebbler, being indebted to the appellants, executed and delivered to them a mortgage upon his town lot, as well as upon his pre-emption claim, to secure the payment of $1,373.87. In this mortgage he describes his Grape Creek land as " being the same property now occupied by me (him) as a farm."

Doebbler failing to pay his indebtedness to the Vances, they brought suit in the district court of Bexar county (two

promissory notes, secured by the mortgage, being payable in San Antonio) to foreclose the mortgage aforesaid, which was done by the decree of that court on the 30th of May, 1868.

Mrs. Doebbler, appellee, was not a party to that suit. Under this decree of foreclosure an order of sale was issued and the town lot in Fredericksburg was levied upon and was about being sold by the sheriff of Gillespie county.

Mrs. Henrietta Doebler, wife of said F. W. Doebbler, on, to wit, September 11, 1874, instituted this suit in the district court of Bexar county against appellants, said sheriff and her said husband, and therein sued out an injunction restraining the sheriff and appellants from said lots.

She alleged that said lot was the homestead of herself, husband and children; that they had continuously occupied the same as a homestead since 1853, and were occupying the same as such homestead at, before and since her husband executed said mortgage to appellants; that said mortgage was executed without her knowledge and consent, and that she did not join therein, etc.

Appellants answered by general demurrer and general denial, and specially setting up the fact about the pre-emption, etc., and claimed that said lot was not the homestead of Doebbler and wife at the time the mortgage was executed, etc.

F. W. Doebbler answered that the allegations contained in his wife's petition were true.

The case was tried the 8th day of March, 1874, and resulted in a verdict in favor of Mrs. Doebbler, and decree perpetuating the injunction for costs, etc. Appellants bring that judgment before the court on appeal and assign errors as follows:

1. The court erred in its charge to the jury.

2. The court erred in refusing to instruct the jury as asked by the defendant.

3. The court erred in overruling defendant's motion for a new trial.

OPINION.— The question sought to be presented by appellants in their assignment of errors is as to whether or not Doebbler and wife had abandoned the lot in controversy as their homestead. The assignment is obnoxious to the statute, which requires the appellant to distinctly specify the ground on which he relies, or else the errors will be considered as waived. The rule is well settled that, in the absence of such an assignment of errors as is required by law, the court would be authorized in reversing the judgment only when it is apparent from the record that an error has been committed in the court below, and that the ends of justice require that the judgment should be reversed.

The appellants claim that, as the pre-emption law then in force required Doebbler to reside for three consecutive years upon the Grape Creek land before he could obtain a patent therefor, it follows that he did so reside on said land, and thereby abandoned his homestead in the town of Fredericksburg. The charges asked by appellants and refused by the court sought to present that view of the case. The refusal to give the charges asked was correct. Suppose the husband did perpetrate a fraud upon the state and acquire a patent thereby for the Grape Creek land as a pre-emption, when, in fact, his family and himself were living upon and occupying the lot in Fredericksburg, certainly it will not be contended that Mrs. Doebbler would thereby forfeit her constitutional right to the homestead. And this would be the necessary result of the doctrine contended for by appellants.

The homestead is defined as a place of family residence or the property dedicated as such.

" The place of the house; the mansion house with adjoining land." H. & G. N. R. Co. v. Winter, 44 Tex., 598.

" The leading idea in homestead exemptions is to furnish a home and shelter to the family." Iken v. Olenick, 42 Tex., 195.

From these definitions it follows that the question of what constitutes, or rather, where the homestead of a

family is, would be a question of fact in the determination of which the three principal elements are ownership, occupancy and intention.

The evidence, as disclosed by the record in this case, satisfactorily shows that the family, that is, Mrs. Doebbler and children, have occupied the lot in controversy as a home since about 1854; that Doebbler remained with his family the greater portion of his time, but was occasionally with his sister, who lived on the Grape Creek place or pre-emption. The court fully submitted the question of the abandonment of the lot as a homestead to the jury in a charge quite as favorable to appellants as they ought to have expected.

In our opinion the verdict of the jury was amply sustained by the evidence; in fact they could not properly have returned any other.

It appears that in taking the mortgage the appellants must have appreciated the trouble they would have in subjecting the lot to forced sale, as they also inclnded therein the pre-emption on Grape Creek.

Affirmed.